# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 22-cr-1152-BAS |
| Plaintiff, | **[PROPOSED] PROTECTIVE ORDER** |
| v. | |
| KARIM ARABI (1), SANJIV TANEJA (3), ALI AKBAR SHOKOUHI (4), | |
| Defendants. | |

Under Rule 16(d) of the Federal Rules of Criminal Procedure pertaining to pretrial discovery, and General Order No. 514 of the United States District Court for the Southern District of California ("General Order No. 514"), to prevent premature disclosure of evidence to other targets, subjects, and witnesses of ongoing investigations, and to safeguard the sensitive financial information, intellectual property, and personally identifiable information of third parties,

IT IS HEREBY ORDERED that:

1. Any discoverable documents that were previously filed under seal are unsealed for the limited purpose of allowing the United States to provide them to Defendants Karim Arabi (1), Sanjiv Taneja (3), and Ali Akbar Shokouhi (4) and defense counsel ("the Defense") in discovery.

2. The United States is authorized to disclose to the Defense grand jury matter related to this case in order to fulfill its statutory obligations. The term "grand jury matter" as used in this Order means (1) transcripts of testimony before the grand jury, and (2) documents or objects marked as grand jury exhibits.

3. All discovery produced by the United States in this case is subject to this Protective Order and is for use by the Defense solely for investigating, preparing for trial, trial, and any appeals of this matter and for no other purpose.

4. The Defense may not distribute, disseminate, disclose, or exhibit discovery materials to any person who is not a part of the Defense, except as further set forth herein.

5. Specifically, the Defense may not share, disclose, or show in any manner any discovery materials to any defendant who has not been arraigned in this case in the Southern District of California, or to such a defendant's counsel or their counsel's staff, investigators, consultants or experts.  Under this restriction, prior to her arraignment in this case, the Defense may not share, disclose, or show in any manner any discovery materials to Sheida Alan, aka Sheida Arabi, or to her counsel, counsel's staff, investigators, consultants or experts.

6. In addition to the other restrictions in this Order, the Defense may not distribute, disseminate, disclose, or exhibit any material designated "Highly Confidential – Attorneys' Eyes Only" except to defense counsel, counsel's staff, or outside experts retained or consulted in this matter.  The United States agrees to revisit such designations no later than sixty (60) days after the date this Protective Order is entered to confirm that they remain necessary for each designated document, and to withdraw each designation unless there is a continuing good faith basis to maintain it. Notwithstanding this Protective Order, the Defense is free to challenge any such designations with the Court, except that any submissions referencing or attaching any designated material must be filed under seal.

7. Defense counsel shall sign a copy of this Protective Order, acknowledging its terms and agreeing to comply with them, and ensure that every member of his/her defense team, including any consultant or expert shown copies of the discovery, is advised of the Order and agrees in writing to be bound by its terms. Defendant shall also sign a copy of this Protective Order, agreeing to be bound by its terms. Defense counsel shall be responsible for maintaining copies of the written agreements referenced by this paragraph for production on demand to the Court.

8. The Defense shall take all reasonable steps to: (a) maintain the confidentiality of the discovery, and (b) safeguard the discovery produced in this case from disclosure to or review by any third party.

9. Consistent with this Order, the Defense may share discovery materials with any investigators, consultants, or experts retained by the Defense in connection with this case, provided that the Defense informs any such individual(s) of this Order and obtains his/her written agreement to be bound by its terms. The Defense may share discovery materials with any attorneys or staff of the law firm Irell and Manella LLP who were involved in the civil suit filed against Karim Arabi, Sheida Alan and Sanjiv Taneja in case number 37-2017-00040719-CU-FR-CTL, provided that the Defense informs any such individual(s) of this Order and obtains his/her written agreement to be bound by its terms.

10. Consistent with this Order, the Defense may show witnesses discovery materials as necessary for the preparation of the defense, but may not give copies of the materials to witnesses absent further Order of the Court. Specifically, any material designated "Highly Confidential – Attorneys' Eyes Only" may be disclosed only in accordance with paragraph 6, above.

11. The Defense shall return any and all copies of the discovery to the United States, and destroy all digital copies, within 90 days of the conclusion of the proceedings in the above-referenced case, including any appeals or other post-conviction petitions. The Defense shall tender a certification to the United States that

all digital copies have been destroyed within 90 days of the conclusion of the proceedings.  Notwithstanding the foregoing, the Defense shall not be obligated to search for or destroy any discovery that may be included, attached or referenced in any court filings, draft court filings or other attorney work product, or that resides on the email systems of any defense counsel or any consultant, investigator or expert retained by defense counsel.

12. To the extent that any of the criminal discovery materials contain any individual's personal information, within the meaning of General Order 514, the Defense shall redact any filings referencing or containing said materials in a manner consistent with General Order 514.

13. To the extent that any criminal discovery materials were filed with the court under seal, the Defense shall file a motion to unseal the documents with notice to the United States before any pleadings or exhibits referencing or containing said materials may be publicly filed.

14. Absent agreement of all parties, no materials designated "Highly Confidential – Attorneys' Eyes Only" may be publicly filed or referenced in any publicly filed materials without at least fourteen (14) days' notice to the United States, and an opportunity to be heard, on whether the materials may be publicly filed or referenced.

15. If defense counsel withdraws or is disqualified from participation in this case, the Defense shall: a) return to the United States any discovery produced pursuant to the Order and destroy all digital copies within 30 days or b) transfer custody of the discovery to new counsel (provided that new counsel has executed this Protective Order).  If the Defense elects to destroy all digital copies, the Defense shall tender a certification to the United States that all digital copies have been destroyed within 45 days of withdrawal or disqualification.  Notwithstanding the foregoing, the Defense shall not be obligated to search for or destroy any discovery that may be included, attached or referenced in any court filings, draft court filings or other attorney work

product, or that resides on the email systems of any defense counsel or any consultant, investigator or expert retained by defense counsel.

SO ORDERED.

DATED: _____, 2022

_____
HON. CYNTHIA BASHANT
United States District Court
Southern District of California