DAVID K. WILLINGHAM (Bar No. 198874)
 *dwillingham@kslaw.com*
JAMIE A. LANG (SBN 253769)
*jlang@kslaw.com*
BLYTHE G. KOCHSIEK (SBN 285389)
bkochsiek@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:   (213) 443-4310

Attorney for Defendant ALI AKBAR SHOKOUHI

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KARIM ARABI, SHEIDA ALAN, SANJIV TANEJA, AND ALI AKBAR SHOKOUHI<br><br>Defendants. | Case No. 3:22-cr-01152-BAS (KSC)<br>Honorable Cynthia Bashant<br><br>**MEMORANDUM OF POINTS AND AUTHORTIES IN SUPPORT OF DEFENDANT ALI AKBAR SHOKOUHI'S JOINDER IN NOTICE OF MOTION AND MOTION TO DISMISS COUNTS ONE AND FOUR OF THE SUPERSEDING INDICTMENT AS IMPERMISSIBLY DUPLICITOUS FILED BY DEFENDANT SANJIV TANEJA** |

DEFENDANT ALI AKBAR SHOKOUHI'S MEMORANDUM OF POINTS AND AUTHORITIES

## I. MEMORANDUM OF POINTS AND AUTHORITIES

On November 21, 2022, Defendant Sanjiv Taneja ("Mr. Taneja") filed a Motion to Dismiss Counts One and Four of the Superseding Indictment as Impermissibly Duplicitous (the "Motion to Dismiss"). *See* Dkt. Nos. 109, 109-1, and 109-2. As noted by Mr. Taneja, "Count One of the Superseding Indictment, which charges all defendants with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, is duplicitous because it alleges two separate conspiracies: (1) an initial conspiracy between Defendants Dr. Karim Arabi ("Dr. Arabi"), Sheida Alan ("Ms. Alan"), Ali Akbar Shokouhi ("Mr. Shokouhi"), and Sanjiv Taneja ("Mr. Taneja") with the alleged purpose of fraudulently obtaining millions of dollars from Qualcomm by selling it technology without disclosing material facts; and (2) a subsequent and separate conspiracy between a subset of the defendants—not including Mr. Taneja[1]—to allegedly provide false information during civil litigation arising more than two years after the object of the first conspiracy was achieved, *i.e.*, two years after the Qualcomm deal closed." Dkt. No. 109-1 at 1. As also noted by Mr. Taneja, "Count Four of the Superseding Indictment, which charges Mr. Taneja with wire fraud in violation of 18 U.S.C. § 1343, is duplicitous for the same reasons as Count One. Count Four relies entirely on the same allegations set forth in Count One and therefore impermissibly combines into one count two separate alleged schemes with entirely distinct objectives." *Id*. at 1-2.

Through this joinder, Defendant Ali Akbar Shokouhi ("Mr. Shokouhi") joins Mr. Taneja's Motion to Dismiss. In addition, for the same reasons articulated in support of Mr. Taneja's Motion to Dismiss Count Four, namely, that the government has alleged two distinct schemes that cannot be combined into a single count without rendering the count duplicitous, *id*. at 11-12, Mr. Shokouhi respectfully requests that the Court enter an order pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(i) dismissing

---

[1] This separate conspiracy also does not reference Mr. Shokouhi who, as noted by Mr. Taneja in his Motion to Dismiss, was not a named defendant in the Civil Action. *See* Dkt. No. 109-1 at 3, 10.

Counts Three and Five of the Superseding Indictment, which are based on the same allegations as Count Four.  Indeed, the only difference between these Counts is that Count Four relates to funds allegedly transferred by wire to Mr. Taneja, while Counts Three and Five relate to funds allegedly transferred by wire to two companies allegedly controlled by Mr. Shokouhi.  Counts Three, Four and Five of the Superseding Indictment otherwise similarly rely on the manner, means, and overt acts alleged in Count One.

Dated: November 29, 2022        KING & SPALDING LLP

By: */s/ David K. Willingham*
David K. Willingham
Jamie A. Lang
Blythe G. Kochsiek
Attorneys for Defendant ALI AKBAR SHOKOUHI