# EXHIBIT A

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Southern District of California

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| KARIM ARABI, SHEIDA ALAN, SANJIV TANEJA, and ALI AKBAR SHOKOUHI, | ) ) | Case No. 3:22-cr-01152-BAS |
| *Defendant* | ) | |

AUG 3 '23 am 9:35

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To: Qualcomm Technologies, Inc. c/o CSC Lawyers Incorporating Service

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Attachment A

| Place: Bienert Katzman Littrell Williams LLP<br>903 Calle Amanecer, Suite 350<br>San Clemente, CA 92673 | Date and Time: 8/23/2023 at 12:00 p.m. |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)

Date: 08/03/2023

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Karim Arabi _____, who requests this subpoena, are:

Whitney Z. Bernstein, Bienert Katzman Littrell Williams LLP, 903 Calle Amanecer, Suite 350, CA 92673, wbernstein@bklwlaw.com, (949) 369-3700

**Notice to those who use this form to request a subpoena**

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 2)

Case No.  3:22-cr-01152-BAS

# PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

### Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

**(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

## ATTACHMENT A

A.  **Materials Related to Qualcomm's Due Diligence and Post-Purchase Internal Investigation of the Abreezio Acquisition.**

   1. A list of the 34 people that Qualcomm told the government it interviewed as a part of their investigation. All materials, notes, recordings, transcripts, and other documentation of those interviews.

   2. All materials, notes, recordings, transcripts, and other documentation of Qualcomm's post-purchase investigation, often referred to as Project Gopher.

   3. All materials, notes, recordings, transcripts, and other documentation of Qualcomm's interviews with Sanjiv Taneja during its investigation and/or pursuant to the settlement agreement entered into between Qualcomm and Mr. Taneja on January 26, 2018, including any documents produced.

   4. All materials, notes, recordings, transcripts, and other documentation of Qualcomm's interview with Joseph Fang. In particular his denial of Mr. Taneja's statement about Mr. Fang's knowledge that Dr. Arabi and Ms. Alan are siblings.

   5. All materials, notes, recordings, transcripts, and other documentation of Qualcomm's interviews with Brad Quinton, Trent McClements, Andrew Hughes, Michael Lee, Scott Chin, Michael Smith, Shawna Quinton, James Derbyshire, Picta Media Inc. or its representatives, Douglas Konkin, and Invionics Inc. or its representatives (together, the "Invionics Group") during Qualcomm's investigation and/or pursuant to the cooperation agreement entered into between Qualcomm and the Invionics Parties on May 1, 2018, including any documents produced.

   6. All materials, notes, recordings, transcripts, and other documentation of any continued investigation after the settlement agreement entered into by Qualcomm, Ms. Alan, and Dr. Arabi, including any notes, communications, and other documentation regarding the motivation of the continued investigation post-settlement.

   7. All information regarding any tips, reports, or other notifications received by Qualcomm through its tipline(s) and/or hotline(s) relating to Dr. Arabi, Abreezio, the Abreezio acquisition, the Abreezio due diligence, any other defendants, or any other individuals who worked on or had relation to the Abreezio aquisition. According to TL-

REPORTS-000011, "Abreezio was originally reported through Qualcomm's tip-line." [Add to WZB Dec] We request all information related to that report – documents, notes, transcripts, and any other materials related to that report. Discovery specifically mentions the Business Conduct Hotline. This request encompasses that hotline as well as any other tip-lines that Qualcomm operates and/or promotes to employees or agents of Qualcomm.

A. **Materials Pertaining to All Communications Between Qualcomm, Hueston Hennigan, and the Government Seeking Prosecution of Dr. Arabi.**

1. All materials, notes, recordings, transcripts, and other documentation of the May 11, 2018, meeting between the government, Qualcomm, and Hueston Hennigan, outside counsel for Qualcomm, requesting that the government prosecute Dr. Arabi, et. al.

2. Identification of materials, notes, recordings, transcripts, and other documentation provided to the government by Qualcomm and/or by outside counsel Hueston Hennigan, on or about June 28, 2018.

3. All materials, notes, recordings, transcripts, and other documentation of the June 28, 2018, government review of confidential documents furnished by Hueston Hennigan, outside counsel for Qualcomm, as part of the request that the government prosecute Dr. Arabi, et. al.

4. All materials, notes, recordings, transcripts, and other documentation of the July 10, 2018, presentation to the government by Hueston Hennigan, outside counsel for Qualcomm, requesting that the government prosecute Dr. Arabi, et. al.

5. All materials, notes, recordings, transcripts, and other documentation of the government's July 10, 2018, declination to prosecute, including reasons for declining at that time.

6. All materials, notes, recordings, transcripts, and other documentation of Qualcomm's May 7, 2020, presentation to the government by Hueston Hennigan, outside counsel for Qualcomm, requesting prosecution of Dr. Arabi, et. al.

7. Materials Related to Bias and Improper Motivations of Whistleblowers, Qualcomm as an Institution, Qualcomm Employees at the Time of the Acquisition, and other Key Witnesses.

    8.    All materials or information related to any internal incentive program that Qualcomm has to reward internal whistleblowers.

A. **All Qualcomm personnel files for all individuals who were involved with Qualcomm's due diligence investigation into the Abreezio acquisition, the origination of the Abreezio deal within Qualcomm, witnesses in the post-purchase investigation, and/or who had a relationship with Dr. Arabi while he worked at Qualcomm, including, but not limited to, the individuals listed below.**

1. Behrooz Abdi
2. Karim Arabi
3. Mohammad Allam
4. Abbas Banaiyanmofrad
5. Bipin Duggal
6. Saad Elhosni
7. Joseph Fang
8. Brian Gilbert
9. Matt Grob
10. Andrew Hughes
11. Marinko Karanovic
12. Alex Katouzian
13. Kevork Kechichian
14. Rakesh Kinger
15. Michael Lee
16. Farsheed Mahmoudi
17. Benny Malik
18. Ziad Mansour
19. Trent McClements
20. Duaine Nelles
21. Rajesh Pankaj
22. Srinivas Patil
23. Brad Quinton

24. Stewart Roberts
25. Massood Sammak
26. Santanu Sarma
27. Anthony Schmidt
28. Akbar Shokouhi
29. Michael Smith
30. Hiten Somwal
31. Michelle Sterling
32. Jim Thompson
33. Ensin Terzioglu
34. Katie Wilson