# EXHIBIT B

```
 1  IRELL & MANELLA LLP
    Morgan Chu (70446)
 2  mchu@irell.com
    Iian Jablon (205458)
 3  ijablon@irell.com
    Anthony Rowles (301209)
 4  trowles@irell.com
    1800 Avenue of the Stars, Suite 900
 5  Los Angeles, California 90067
    Telephone:  (310) 277-1010
 6  Facsimile:  (310) 203-7199

 7  Attorneys for Defendants
    Karim Arabi and
 8  Sheida Alan
```

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| QUALCOMM TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> KARIM ARABI; SHEIDA ARABI A/K/A SHEIDA ALAN; SANJIV TANEJA; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 37-2017-00040719-CU-FR-CTL <br><br> **DEFENDANT KARIM ARABI'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF QUALCOMM TECHNOLOGIES, INC.** |

PROPOUNDING PARTY:   Defendant Karim Arabi

RESPONDING PARTY:    Plaintiff Qualcomm Technologies, Inc.

SET NO.:             One (Requests Nos. 1-41)

---

10410123

DEFENDANT KARIM ARABI'S FIRST SET OF REQUESTS FOR
PRODUCTION TO PLAINTIFF QUALCOMM TECHNOLOGIES, INC.

1  Pursuant to Code of Civil Procedure sections 2031.010 *et seq.*, Defendant Karim Arabi
2  requests that Plaintiff Qualcomm Technologies, Inc. produce for inspection and copying the
3  documents and things described below within thirty (30) days after the service hereof, at the
4  offices of Irell & Manella LLP, 1800 Avenue of the Stars, Suite 900, Los Angeles, California
5  90067.
6  A written response hereto is required of Plaintiff within 30 days after service of this
7  demand consisting of either a statement that Plaintiff will comply with this demand, or a statement
8  that Plaintiff lacks the ability to comply with this demand, or an objection to all or part of this
9  demand.

10  **DEFINITIONS**

11  1.  "QUALCOMM," "YOU" and "YOUR" shall each mean Plaintiff Qualcomm
12  Technologies, Inc., including, without limitation, all past or present agents, employees,
13  representatives, consultants, attorneys, investigators, accountants, or any other PERSON acting on
14  behalf of Qualcomm Technologies, Inc.

15  2.  "DOCUMENT" or "DOCUMENTS" shall be interpreted in the broadest sense
16  possible, and shall include, by way of example and without limitation, originals, copies, and drafts
17  of letters, memoranda, notes, records, minutes, reports, notebooks, messages, text messages,
18  emails, instant messages, telegrams, ledgers, legal instruments, legal opinions, agreements,
19  drawings, specifications, purchase orders, sketches, graphs, prints, rough drafts, secretarial notes,
20  work pads, diaries, films, tapes, photographs, computer disks, books, publications, advertisements,
21  literature, brochures, price lists, announcements, or other writings or tangible objects whether
22  produced or reproduced mechanically, electrically, electronically, photographically, or chemically.
23  DOCUMENTS expressly include all ELECTRONIC DATA.

24  3.  "ELECTRONIC DATA" shall mean the original (or identical duplicate when the
25  original is not available) and any non-identical copies (whether non-identical because of notes
26  made on copies or attached comments, annotations, marks, transmission notations, or highlighting
27  of any kind) of writings of every kind and description inscribed by mechanical, facsimile,
28  electronic, magnetic, digital, or other means. ELECTRONIC DATA includes, by way of example

and not by limitation, computer programs (whether private, commercial, or work-in-progress), programming notes and instructions, activity listings of email transmittals and receipts, output resulting from the use of any software program (including word processing documents, spreadsheets, database files, charts, graphics and outlines), electronic mail, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ELECTRONIC DATA exists in an active file, deleted file, or file fragment. ELECTRONIC DATA includes without limitation any and all items stored on computer memories, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, backup tapes, floppy disks, CD-ROMs, removable media, magnetic tapes of all types, microfiche, and any other media used for digital data storage or transmittal. ELECTRONIC DATA also includes the file, folder tabs, and containers and labels appended to or associated with each original and non-identical copy.

4. "PERSON" shall mean any natural person, partnership, joint venture, corporation, association, firm, trust, or any other kind of organization or entity.

5. "RELATED TO" shall be interpreted in its customary broad sense and shall include without limitation identifying, concerning, pertaining to, referring to, reflecting, mentioning, discussing, representing, embodying, illustrating, substantiating, evidencing, describing, constituting, or otherwise being logically or factually connected with the matter discussed.

6. "ABREEZIO" means Abreezio, LLC including, without limitation, all past or present agents, employees, representatives, consultants, attorneys, investigators, accountants, or any other PERSON acting on behalf of Abreezio, LLC.

7. "ABREEZIO PURCHASE" shall mean Qualcomm, Inc.'s acquisition of Abreezio, LLC.

8. "ABREEZIO PATENTS" shall mean any of the following U.S. patents or patent applications, or any patents or patent applications related to or claiming priority thereto:

    a. U.S. Patent No. 9,536,625;

    b. U.S. Patent No. 9,535,121;

    c. U.S. Patent No. 9,529,044;

| | | |
|---|---|---|
| 1 | d. | U.S. Patent No. 9,536,038; |
| 2 | e. | U.S. Patent No. 9,564,884; |
| 3 | f. | U.S. Patent No. 9,564,883; |
| 4 | g. | U.S. Patent No. 9,760,672; |
| 5 | h. | U.S. Patent Application No. 14/791,430; |
| 6 | i. | U.S. Patent Application No. 14/791,443; |
| 7 | j. | U.S. Patent Application No. 14/791,444; |
| 8 | k. | U.S. Patent Application No. 14/791,445; |
| 9 | l. | U.S. Patent Application No. 14/791,446; |
| 10 | m. | U.S. Patent Application No. 14/800,528; |
| 11 | n. | U.S. Patent Application No. 14/810,294; |
| 12 | o. | U.S. Patent Application No. 14/810,308; |
| 13 | p. | U.S. Patent Application No. 14/824,089; |
| 14 | q. | U.S. Patent Application No. 14/792,426; |
| 15 | r. | U.S. Patent Application No. 14/792,429; |
| 16 | s. | U.S. Patent Application No. 14/792,434; |
| 17 | t. | U.S. Patent Application No. 14/792,439; |
| 18 | u. | U.S. Provisional Patent Application No. 62/095,072; |
| 19 | v. | U.S. Provisional Patent Application No. 62/097,072; |
| 20 | w. | U.S. Provisional Patent Application No. 62/146,410; |
| 21 | x. | U.S. Provisional Patent Application No. 62/146,413; |
| 22 | y. | U.S. Provisional Patent Application No. 62/194,261; |
| 23 | z. | U.S. Provisional Patent Application No. 62/146,412; |
| 24 | aa. | U.S. Provisional Patent Application No. 62/146,419; |
| 25 | bb. | U.S. Provisional Patent Application No. 62/146,414; |
| 26 | cc. | U.S. Provisional Patent Application No. 62/183,675; |
| 27 | dd. | U.S. Provisional Patent Application No. 62/183,092; |
| 28 | ee. | U.S. Provisional Patent Application No. 62/194,257; |

- 3 -
DEFENDANT KARIM ARABI'S FIRST SET OF REQUESTS FOR
PRODUCTION TO PLAINTIFF QUALCOMM TECHNOLOGIES, INC.
10410123
Exhibit B, Page 13

| | | |
|---|---|---|
| ff. | U.S. Provisional Patent Application No. 62/194,259; or |
| gg. | U.S. Provisional Patent Application No. 62/183,671. |

### INSTRUCTIONS

1. Each request for production shall operate and be responded to independently and, unless otherwise indicated, no request for production limits the scope of any other request for production.

2. Nouns, whether singular or plural herein, shall be construed either as singular or plural as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

3. As used herein, the singular form of a term shall be interpreted to include the plural and vice versa.

4. DOCUMENTS shall be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in these requests. DOCUMENTS are to be produced in full and unexpurgated form; redacted DOCUMENTS will not constitute compliance with these requests.

5. These requests apply to all DOCUMENTS within YOUR possession, custody, or control. Where DOCUMENTS and things in your possession, custody, or control are requested, the request extends to DOCUMENTS and things in the possession, custody, or control of YOUR predecessors and/or successors, as well as DOCUMENTS in the possession, custody, or control of your officers, directors, agents, employees, servants, representatives, attorneys, or anyone acting on YOUR behalf. Without limiting the term "control," a DOCUMENT is deemed to be within YOUR control if YOU have ownership, possession, or custody of the DOCUMENT or the right to secure the DOCUMENT or a copy thereof from any PERSON having physical possession of the DOCUMENT.

6. If there are no documents in existence which are responsible to a particular request set forth below, please so indicate in your answer.

7.      The DOCUMENTS produced pursuant to these requests must be produced in the same form and in the same order in which they existed prior to the production or were maintained in the ordinary course of business. DOCUMENTS are to be produced in the boxes, file folders, bindings, or other containers in which the DOCUMENTS are found. The title, labels, or other description of the boxes, file folders, binders, or other containers are to be left intact.

8.      If any objection is made to any request for production herein, the objection shall state with particularity the basis thereof, and the request for production shall be answered to the extent not objected to. If the objection is based on the attorney-client privilege or the work-product rule, the objection shall identify the communication as set forth herein, and shall in addition state the basis for the claim of privilege or work product.

9.      All Electronically Stored Information ("ESI") shall be produced in standard Group IV TIFF format with accompanying text extraction and metadata (including author(s), recipient(s), blind copy recipient(s), subject, and document type) in a Concordance load file. Audio, audiovisual, and video files shall be produced in their native formats.

10.     In the event that any DOCUMENT called for by these requests has been destroyed, lost, discarded, otherwise disposed of, or is otherwise unavailable, such DOCUMENT is to be identified as completely as possible, including, without limitation, the following information: date of disposal; manner of disposal; reason for disposal; person authorizing the disposal; and person disposing of the document.

**REQUESTS FOR PRODUCTION**

**Request For Production No. 1:**

All DOCUMENTS RELATED TO the ABREEZIO PURCHASE, including but not limited to all DOCUMENTS RELATED TO QUALCOMM'S diligence or evaluation of ABREEZIO'S intellectual property and/or other assets, including but not limited to the ABREEZIO PATENTS.

**Request For Production No. 2:**

All DOCUMENTS reflecting any COMMUNICATIONS RELATED TO the ABREEZIO PURCHASE.

- 5 -
10410123
DEFENDANT KARIM ARABI'S FIRST SET OF REQUESTS FOR
PRODUCTION TO PLAINTIFF QUALCOMM TECHNOLOGIES, INC.
Exhibit B, Page 15

**Request For Production No. 3:**

All DOCUMENTS RELATED TO Karim Arabi, including without limitation all emails, text messages, chat or instant messenger conversations, voicemails, audio recordings or transcriptions of telephone conversations, notes of interviews, or the like.

**Request For Production No. 4:**

All DOCUMENTS reflecting any COMMUNICATIONS with or about Karim Arabi, including but not limited to all such COMMUNICATIONS that refer or relate to ABREEZIO or any of ABREEZIO's assets.

**Request For Production No. 5:**

All emails and attachments that Karim Arabi sent or received using his QUALCOMM email account, or that existed in his "drafts" or "deleted items" folders, at any time during the period of Mr. Arabi's employment with QUALCOMM.

**Request For Production No. 6:**

All electronic and paper calendars RELATED TO Karim Arabi created during the period of Mr. Arabi's employment with QUALCOMM.

**Request For Production No. 7:**

All handwritten notes and other DOCUMENTS created by Karim Arabi during the period of his employment with QUALCOMM.

**Request For Production No. 8:**

QUALCOMM's entire employment file for Karim Arabi, including but not limited to all performance reviews of or for Mr. Arabi.

**Request For Production No. 9:**

All DOCUMENTS reflecting the scope of Karim Arabi's work for QUALCOMM, including but not limited to the specific projects, initiatives, technologies, patents, provisional patents, patent applications, strategic partnerships, and joint ventures that Mr. Arabi worked on while at QUALCOMM.

**Request For Production No. 10:**

All DOCUMENTS reflecting the views of Karim Arabi's supervisors, managers, colleagues, peers, and co-workers RELATED TO Karim Arabi's work for QUALCOMM, including but not limited all DOCUMENTS RELATED TO the scope, quality, nature, or impact of Mr. Arabi's work, and all DOCUMENTS RELATED TO whether or not Mr. Arabi should be promoted, or to any consideration given to potentially promoting Mr. Arabi.

**Request For Production No. 11:**

All DOCUMENTS RELATED TO any contract, agreement, arrangement or understanding among QUALCOMM and Karim Arabi, including, but not limited to, any Invention Disclosure, Confidentiality & Proprietary Rights Agreements.

**Request For Production No. 12:**

All DOCUMENTS RELATED TO QUALCOMM'S contention that Karim Arabi is responsible for developing any of ABREEZIO'S technology, or that Mr. Arabi is responsible for developing any technology described in any provisional patent application filed by or on behalf of Sheida Alan or Sheida Arabi.

**Request For Production No. 13:**

All DOCUMENTS RELATED TO QUALCOMM'S contention that Karim Arabi personally benefitted from QUALCOMM'S acquisition of ABREEZIO or any of ABREEZIO'S assets.

**Request For Production No. 14:**

All DOCUMENTS RELATED TO QUALCOMM'S contention that Karim Arabi had any involvement in the ABREEZIO PURCHASE.

**Request For Production No. 15:**

All DOCUMENTS RELATED TO Sheida Alan a/k/a Sheida Arabi.

**Request For Production No. 16:**

All DOCUMENTS reflecting any COMMUNICATIONS with or about either Sheida Alan or Sheida Arabi, including but not limited to all such COMMUNICATIONS that refer or relate to ABREEZIO or any of ABREEZIO'S assets.

- 7 -
10410123
DEFENDANT KARIM ARABI'S FIRST SET OF REQUESTS FOR
PRODUCTION TO PLAINTIFF QUALCOMM TECHNOLOGIES, INC.

Exhibit B, Page 17

**Request For Production No. 17:**

All DOCUMENTS RELATED TO QUALCOMM'S contention that Sheida Alan or Sheida Arabi is not responsible for developing ABREEZIO'S technology, or that Ms. Alan is not responsible for developing the technology described in any provisional patent application filed by or on behalf of Ms. Alan.

**Request For Production No. 18:**

All DOCUMENTS RELATED TO QUALCOMM'S contention that Sheida Alan changed her name in order to deceive QUALCOMM.

**Request For Production No. 19:**

All DOCUMENTS reflecting any COMMUNICATIONS with or about Sanjiv Taneja, including but not limited to all such COMMUNICATIONS that refer or relate to Karim Arabi, Sheida Alan, Abreezio, LLC or any of ABREEZIO'S assets.

**Request For Production No. 20:**

All DOCUMENTS reflecting any COMMUNICATIONS with Invionics or any of Invionics' personnel that refer or relate to Karim Arabi, Sheida Alan, ABREEZIO or any of ABREEZIO'S assets.

**Request For Production No. 21:**

All DOCUMENTS reflecting any interviews or investigations that QUALCOMM or its representatives have conducted in connection with this dispute including, but not limited to, all DOCUMENTS RELATED TO any interviews or discussions with any PERSON (including, without limitation Karim Arabi and Sanjiv Taneja) concerning or in any way RELATED TO QUALCOMM'S acquisition of ABREEZIO or the ABREEZIO PATENTS.

**Request For Production No. 22:**

ALL DOCUMENTS reflecting or discussing any patents, non-provisional patent applications, or provisional patent applications RELATED TO ABREEZIO or to ABREEZIO'S technology.

**Request For Production No. 23:**

ALL DOCUMENTS that discuss, refer, or relate to any of the ABREEZIO PATENTS.

**Request For Production No. 24:**

ALL DOCUMENTS RELATED TO QUALCOMM'S contention that the ABREEZIO PATENTS claim technology that is specifically tailored to QUALCOMM'S business.

**Request For Production No. 25:**

ALL DOCUMENTS RELATED TO QUALCOMM'S contention that Karim Arabi knew that the ABREEZIO PATENTS would be desirable to QUALCOMM.

**Request For Production No. 26:**

ALL DOCUMENTS that discuss, refer, or relate to any meetings between QUALCOMM or its representatives and ABREEZIO, representatives of ABREEZIO, and/or Invionics prior to October 30, 2015, including, but not limited to, the March 2015 and June 23, 2015 meetings described in QUALCOMM'S Complaint.

**Request For Production No. 27:**

ALL DOCUMENTS RELATED TO any improvements, changes, or modifications proposed or initiated to any of QUALCOMM'S technologies during the course of QUALCOMM'S due diligence or evaluation of ABREEZIO including, but not limited to, any improvements, changes, or modifications proposed or initiated to QUALCOMM'S CPR process, CPR sensor design, CPR correlation, efforts to reduce CPR margin, process to find minimum voltage (Vmin), CPR test time, CPR characterization process and test time, overall ATE memory price reduction, and/or TDF and PDF production test time.

**Request For Production No. 28:**

All DOCUMENTS RELATED TO the technologies then or later known as:

a. QBreez;
b. CoolBreez;
c. TruTest;
d. DFTBreez; or
e. TruSens.

- 9 -
10410123
DEFENDANT KARIM ARABI'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF QUALCOMM TECHNOLOGIES, INC.

Exhibit B, Page 19

**Request For Production No. 29:**

All DOCUMENTS RELATED TO any contract, agreement, arrangement or understanding among QUALCOMM and ABREEZIO, or any Member or Members of ABREEZIO including, but not limited to, the October 20, 2015 Unit Purchase Agreement.

**Request For Production No. 30:**

All DOCUMENTS reflecting any COMMUNICATIONS involving Ziad Mansour RELATED TO Karim Arabi, Sheida Alan, ABREEZIO, or any of ABREEZIO'S assets.

**Request For Production No. 31:**

DOCUMENTS sufficient to show all versions of QUALCOMM'S Conflicts of Interest and Outside Activities policy.

**Request For Production No. 32:**

DOCUMENTS sufficient to show all versions of QUALCOMM'S Code of Business Conduct.

**Request For Production No. 33:**

ALL DOCUMENTS RELATED TO the report for senior QUALCOMM engineering executives referenced in paragraph 47 of QUALCOMM'S Complaint.

**Request For Production No. 34:**

ALL DOCUMENTS RELATED TO QUALCOMM'S use, commercially or otherwise, of technology described in any ABREEZIO PATENTS.

**Request For Production No. 35:**

ALL DOCUMENTS RELATED TO QUALCOMM'S licensing or licensing attempts, whether successful or unsuccessful, of any ABREEZIO PATENTS.

**Request For Production No. 36:**

ALL DOCUMENTS RELATED TO the value or potential value of any of the ABREEZIO PATENTS, including but not limited to all COMMUNICATIONS regarding such value or potential value, and all COMMUNICATIONS RELATED TO the potential impact of the ABREEZIO PATENTS, or any of them, on QUALCOMM.

- 10 -

10410123

DEFENDANT KARIM ARABI'S FIRST SET OF REQUESTS FOR
PRODUCTION TO PLAINTIFF QUALCOMM TECHNOLOGIES, INC.

Exhibit B, Page 20

**Request For Production No. 37:**

ALL DOCUMENTS RELATED TO the value or potential value of ABREEZIO or any of ABREEZIO'S assets, including but not limited to all COMMUNICATIONS regarding such value or potential value.

**Request For Production No. 38:**

ALL DOCUMENTS RELATED TO any Directors & Officers ("D&O") insurance policy related to ABREEZIO.

**Request For Production No. 39:**

ALL DOCUMENTS in ABREEZIO'S files RELATED TO Karim Arabi or Sheida Alan.

**Request For Production No. 40:**

ALL DOCUMENTS in ABREEZIO'S files RELATED TO any efforts to license, sell, or otherwise market any ABREEZIO technology to any third party, including but not limited to QUALCOMM.

**Request For Production No. 41:**

ALL DOCUMENTS reflecting any COMMUNICATIONS RELATED TO this litigation or the Complaint in this litigation.

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1609 James M. Wood Blvd., 2nd Floor, Los Angeles, California 90015.

On December 22, 2017, I served the foregoing document described as **DEFENDANT KARIM ARABI'S FIRST SET OF REQUESTS FOR PRODUCTON TO PLAINTIFF QUALCOMM TECHNOLOGIES, INC.** on each interested party, as follows:

> John C. Hueston
> Hueston Hennigan LLP
> 620 Newport Center Dr., Suite 1300
> Newport Beach, CA 92660

[X]   (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of each interested party.

Executed on December 22, 2017, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____          _____
(Type or print name)                                              (Signature)