ADAM GORDON
United States Attorney
NICHOLAS W. PILCHAK
California Bar No. 331711
JANAKI G. CHOPRA
California Bar No. 272246
ERIC R. OLAH
California Bar No. 295513
Assistant U.S. Attorneys
880 Front Street, Room 6293
San Diego, CA 92101
(619) 546-9709/8817/7540
nicholas.pilchak@usdoj.gov
janaki.chopra@usdoj.gov
eric.olah@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALI AKBAR SHOKOUHI (4),<br><br>Defendant. | Case No.:    22cr1152-BAS<br><br>JOINT MOTION FOR ORDER AUTHORIZING INTERLOCUTORY SALE OF PROPERTY LOCATED AT 4760 RANCHO DEL MAR TRAIL, SAN DIEGO, CALIFORNIA |

Plaintiff, the United States of America, by and through its counsel, Adam Gordon, United States Attorney, and Nicholas W. Pilchak, Janaki G. Chopra, and Eric R. Olah, Assistant U.S. Attorneys, and Defendant Ali Akbar Shokouhi (4) ("Defendant"), by and through his counsel, David Willingham and Jamie Lang, and Fariba E. Shokouhi, as Trustee of the Pacific Trust Dated June 9, 2015 ("Trustee"), (collectively, the "Parties") hereby jointly move this Court pursuant to Rule 32.2(b)(7) of the Federal Rules of Civil Procedure for an Order authorizing the Interlocutory Sale of Real Property subject to criminal forfeiture in this case. The Parties respectfully move the Court to authorize the

1

interlocutory sale in accordance with the terms and conditions of this joint motion.

The Parties hereby stipulate as follows:

1.      The Court is authorized to "take any . . . action to preserve the availability of property" subject to forfeiture. 21 U.S.C. § 853(e)(1). Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure provides that "[a]t any time before entry of a final order of forfeiture, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable."

2.      Supplemental Admiralty and Maritime Claims Rule G(7)(b) of the Federal Rules of Civil Procedure ("Rule G(7)") provides that, on motion by a party or person having custody of the property, a court may order the interlocutory sale of all or part of the property subject to a pending asset forfeiture action if certain conditions are met. Specifically, an interlocutory sale may be ordered if (1) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (2) the expense of keeping the property is excessive or is disproportionate to its fair market value; (3) the property is subject to a mortgage or to taxes on which the owner is in default; or (4) the court finds other good cause. Rule G(7)(b)(i). The sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person that the court designates. Rule G(7)(b)(ii).

3.      The Parties to this action stipulate that (1) the expense of keeping the property pending conclusion of the forfeiture action in this criminal case is excessive and is disproportionate to its fair market value, (2) real estate market conditions justify proceeding with the interlocutory sale now to avoid deterioration of its fair market value and to maximize recovery in forfeiture and for restitution, and (3) submit that there is good cause for the Court to Order the Interlocutory Sale of Real Property pending conclusion of the forfeiture action in this criminal case.

4.      When the sale is made, the sale proceeds will be a substitute res subject to forfeiture in place of the property that was sold. The proceeds must be held in an interest bearing account maintained by the United States pending the conclusion of the forfeiture

action.  Rule G(7)(b)(iv). Upon entry of a forfeiture judgment, the property or proceeds from selling the property must be disposed of as provided by law. Rule G(7)(c).

5.     On May 24, 2022, an indictment was filed, charging Defendant and others with wire fraud conspiracy, in violation of 18 U.S.C. § 1349, wire fraud, in violation of 18 U.S.C. § 1343, and engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957.  ECF 1.  On July 19, 2022, a superseding indictment was filed, charging Defendant with the same offenses, but adding specific forfeiture allegations as to properties pertaining to other defendants. ECF 9.   On April 4, 2024, a second superseding indictment was filed, charging Defendant with the same offenses but adding a fifth defendant and specific forfeiture allegations as to additional properties pertaining to other defendants.  ECF 242.

6.     As to Defendant, each indictment alleged that, upon conviction of the offenses in Counts 1 through 5 of the indictment, Defendant shall forfeit to the United States, pursuant to Title 18, United States Code, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c),  all right, title and interest in property, real and personal, which constitute and are derived from proceeds traceable to the violations of Title 18, United States Code, Sections 1349 and 1341 charged therein, and, pursuant Title 18, United States Code, Sections 982 (a)(1), and 982(a)(2)(B), any property, real or personal, involved in the offense and any property traceable to such property in violation of Title 18, United States Code, Section 1957 as set forth in Count 8.

7.     On July 26, 2022, the United States filed a bill of particulars, pleading that among the property subject to forfeiture in this case was real property located at 4760 Rancho Del Mar Trail, San Diego, California 92130 (the "Real Property"), more particularly described as follows:

4760 Rancho Del Mar Trail, San Diego, CA (APN: 304-630-04-00):

PARCEL 1:

LOT 4 OF DEL MAR HIGHLANDS ESTATES, IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE

OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 13818, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, JULY 2, 1999.

AMENDED BY CERTIFICATE OF CORRECTION RECORDED DECEMBER 23, 1999 AS FILE NO. 1999-0830872 AND AMENDED BY CERTIFICATE OF CORRECTION RECORDED NOVEMBER 21, 2008 AS INSTRUMENT NO. 08-603976 OF OFFICIAL RECORDS.

EXCEPTING THEREFROM, UNTIL DECEMBER 31, 2004, AS A MINERAL INTEREST AND NOT AS A ROYALTY INTEREST, ALL OF THE MINERALS OF EVERY KIND, INCLUDING, BUT NOT LIMITED TO, ALL OIL, GAS, HYDROCARBONS AND ASSOCIATED SUBSTANCES IN, UNDER OR THAT MAY BE EXTRACTED, PRODUCED AND SAVED FROM SAID REAL PROPERTY BUT WITHOUT THE RIGHT OF ENTRY TO THE SURFACE OF SAID REAL PROPERTY OR THE TOP 500 FEET OF THE SUBSURFACE OF SAID REAL PROPERTY FOR THE PURPOSES OF EXPLORING FOR, DEVELOPING AND REMOVING SUCH MATERIALS.

PARCEL 2:

A NON-EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS OVER THE PRIVATE DRIVES, STREET AND COMMON AREA OF THE ABOVE-REFERENCED TRACT MAP, AS PROVIDED FOR IN AND SUBJECT TO THAT CERTAIN AMENDED AND RELATED DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND GRANT OF EASEMENTS FOR

RANCHO PACIFICA HOMEOWNERS ASSOCIATION RECORDED FEBRUARY 11, 2000 AS INSTRUMENT NO. 00-73953 OF OFFICIAL RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, CALIFORNIA.

8.    On August 9, 2022, the United States filed a notice of lis pendens on the Real Property. ECF 19. The Notice of Lis Pendens was recorded by the San Diego County Recorder on August 10, 2022.

9.    Defendant, pursuant to his plea agreement dated October 2, 2023, has agreed to forfeit all of his right, title and interest in the Real Property. ECF 179.

10.    Defendant's spouse, by agreement dated October 3, 2023, has agreed to forfeit all of her right, title and interest in the Real Property, and has waived her right to file a third-party petition in any ancillary proceeding in Defendant's criminal case.

11.    Title to the Real Property is held in the name of the Pacific Trust, Dated June 5, 2015 (the "Trust"). Defendant and Trustee are the sole trustees of the Trust.

12.    Defendant and Trustee agree to the sale of the Real Property according to the terms of the proposed Order by the Court for Interlocutory Sale of Real Property submitted herewith and as set out herein.

13.    Defendant and Trustee agree to execute any documents that may be required to complete the sale of the Real Property and subsequent transfer of good title to the buyer.

## TERMS OF ACCESS TO REAL PROPERTY

14.    Absent further court order, Defendant and Trustee agree to vacate the Real Property no later than January 30, 2026 or one day prior to the closing date for any sale of the Real Property hereunder, whichever is earlier. Any other individual(s) on the Real Property shall also vacate the Real Property no later than that date, unless an earlier date is required because the Real Property has completed escrow and a final sale has been

made.

15.    Absent further court order, the United States Marshals Service (USMS) and its designees and contractors shall retain sole custody, access, and control for the Real Property beginning no later than January 31, 2026, unless the Real Property has completed escrow and a final sale has been made.

16.    The USMS will assist in allowing access to the Real Property by the real estate agent chosen according to the terms of the proposed Order by the Court for Interlocutory Sale of Real Property submitted herewith, and will also allow access to the Real Property by other personnel deemed necessary by the USMS.

17.    Defendant and Trustee agree not to enter into any tenancy, lease or occupancy agreements concerning the Real Property without written consent of the United States.

## TERMS OF SALE OF REAL PROPERTY
### (To Apply No Later Than April 1, 2026)

18.    From the date of the entry of the Order by the Court for Interlocutory Sale of Real Property submitted herewith, until at the latest, April 1, 2026, the following terms of sale of Real Property shall apply:

a.    The listing price for the Real Property shall be chosen by Defendant and Trustee, but shall not be less than $11,500,000.00, unless otherwise agreed to in writing by the United States.

b.    The sale price shall not be less than $11,500,000.00, unless otherwise agreed to in writing by the United States.

c.    The parties agree that Defendant and Trustee are authorized to enter into a listing agreement set to expire no later than April 1, 2026 with Linda Sansone, a California-licensed listing agent with Pacific Sotheby's International Realty, provided that (i) any realtor commission fees payable to Linda Sansone shall not total more than 2.5% of the purchase price, and (ii) any realtor commission fees payable to the purchaser's agent shall not total more than 2.5% of the purchase price.

d.    The United States shall be notified in writing promptly (within 3 business days) of receipt by Defendant and Trustee of any offer to purchase the Real Property.  Such notification shall include: (i) the identities of the prospective buyer(s), including current address(es) and driver's license number(s); (ii) the purchase price offered; and (iii) the final escrow instructions.

e.    Notwithstanding the proposed terms of any written offer to purchase the Real Property, the Parties shall have up to seven (7) business days from the date of the United States's receipt of the written notification provided for in paragraph 18(d) above to accept and/or reject any offer to purchase the Real Property. Any such objection shall result in the immediate cancellation of the sale.

f.    The United States may also reject any offer to purchase the Real Property if it determines, in its sole discretion and without disclosure to any person or entity, that the offer is made by, or on behalf of, a person involved in criminal activity and/or is prohibited by U.S. Department of Justice policy from purchasing the Real Property.

g.    After entry of the Order by the Court for the Interlocutory Sale of Real Property, and upon written acceptance of a written offer to purchase the Real Property, the United States shall deliver to the designated escrow agent no later than the closing date specified in the real estate purchase contract, a conditional withdrawal of its lis pendens recorded against the Real Property. The United States's withdrawal of its lis pendens shall be conditioned upon: (1) consummation of the sale of the Real Property; and (2) compliance by Defendants and Trustee with the terms of the Order by the Court for the Interlocutory Sale of Real Property. Upon satisfaction of the aforementioned conditions, the withdrawal of the lis pendens may be recorded with the San Diego County Recorder.

h.    The proceeds from the sale of the Real Property shall be applied according to the "Terms of Payment" as specified in paragraphs 19–22 below.

## TERMS OF PAYMENT

19.    Defendant and Trustee agree to bear their own costs and attorney's fees.

20.    The Parties agree that upon the sale of the Real Property pursuant to the terms of the Order by the Court for the Interlocutory Sale of Real Property, the Parties will not contest the immediate payment, using the proceeds from the sale, of outstanding expenses of custody and sale incurred by the USMS first, and payments thereafter, as follows:

a.  The USMS shall first be paid all reasonable costs incurred in connection with the maintenance, repair, marketing, and sale of the Real Property. Any such reasonable costs shall only be incurred from the date of the entry of the Order by the Court for the Interlocutory Sale of Real Property up to the closing date of sale for the Real Property;

b.  Costs of appraisal(s);

c.  Real Estate Commissions, if any, but not greater than a total of 5%;

d.  Amounts due the holder of any valid lien which was recorded at the San Diego County Recorder prior to the time the Government's lis pendens was recorded;

e.  Real estate property taxes due and unpaid;

f.  Insurance costs, if any;

g.  Escrow fees, advances, and late charges;

h.  Document recording fees not paid by the buyer;

i.  Title fees; and

j.  County transfer taxes.

k.  The parties are still discussing the treatment of other tax consequences from the sale of the Real Property.

21.    After payments outlined in Paragraph 20(a–j) above are made, the remaining net proceeds from the Sale of the Real Property will be substituted for the above-described Real Property as substitute res and paid by Escrow to the Department

8

of Justice Seized Asset Deposit Fund and held in an interest-bearing account pending further Order of the Court in this criminal case (22-cr-1152-BAS).

22.    The United States shall provide wiring instructions for transmission of the net proceeds of sale held as substitute res directly to the escrow company designated by the real estate purchase contract for the Real Property. Upon delivery of the net proceeds of sale held as substitute res to the USMS, the United States shall file a notice with this Court detailing the timing of USMS' receipt and the amount of the net proceeds of sale held as substitute res for the Real Property.

## DEFENDANT, TRUSTEE, AND USMS SHALL CONVEY CLEAR TITLE TO THE BUYER

23.    The Parties (Defendant, Trustee, and the United States) to this Joint Motion for Interlocutory Sale of Real Property agree to execute any and all documents necessary to consummate the sale of the Real Property, to convey clear title to the Real Property to the buyer, and to further implement the terms of the Order by the Court for the Interlocutory Sale of Real Property.

24.    The USMS is authorized to execute any documents that may be required to complete the interlocutory sale of the Real Property and to ensure the subsequent transfer of good title to the Buyer.

## DEFENDANT AND TRUSTEE SHALL RELEASE AND HOLD HARMLESS THE UNITED STATES

25.    Defendants and Trustee shall release and hold harmless the United States, and any agents, servants, and employees of the United States, from any and all claims which currently exist or which may arise as a result of the United States' actions against and relating to the Real Property.

/ /

/ /

/ /

/ /

26.     The Parties to this Agreement understand and agree that the United States reserves the right to terminate the forfeiture action at any time for legal reasons, thereby voiding this Agreement. A discretionary termination of forfeiture by the United States shall not be a basis for any award of fees to any party.

DATED: November 6, 2025.          Respectfully Submitted,

ADAM GORDON
United States Attorney

NICHOLAS W. PILCHAK
JANAKI G. CHOPRA
ERIC R. OLAH
Assistant United States Attorneys

ALI AKBAR SHOKOUHI
Defendant

_____/s/_ (by consent)

DAVID WILLINGHAM
JAMIE LANG
Attorneys for Defendant Karim Arabi
Ali Akbar Shokouhi

FARIBA E. SHOKOUHI
Trustee, the Pacific Trust
Dated June 9, 2015