UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALI AKBAR SHOKOUHI (4),<br><br>Defendant. | Case No. 22-CR-1152-BAS<br><br>PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

WHEREAS, in the Superseding Indictment and Bill of Particulars, the United States sought forfeiture of all right, title and interest in multiple properties of Defendant ALI AKBAR SHOKOUHI ("Defendant"), pursuant to Title 18, United States Code, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as property, real and personal, which constitute and are derived from proceeds traceable to the violations of Title 18, United States Code, Sections 1349, and 1341, as charged in the Superseding Indictment and as set forth in Counts 1 through 5 of the Superseding Indictment and pursuant to Title 18, United States Code, Section 982 (a)(1) as any property, real or personal, involved in the offense and any property traceable to such property in violation of Title 18, United States Code, Section 1957 as set forth in Count 8; and

WHEREAS, on October 5, 2023, Defendant pled guilty before Magistrate Judge Karen S. Crawford to the offense in Count 8 of the Superseding Indictment, which plea included consent to the forfeiture allegation of the Superseding Indictment, and consent to the forfeiture of all properties seized in connection with the case as property involved in and traceable to the offense set forth in Count 8. Defendant further agreed to pay and forfeit to the United States a personal forfeiture money judgment against

1  Defendant, in the amount of $16,084,946 in U.S. dollars as property involved in and
2  traceable to the offense set forth in Count 8, which forfeiture shall be included and
3  incorporated as part of the judgment in this case.
4      WHEREAS, the United States and Defendant further agreed that
5  Defendant will pay $6,616,119.17 to the Clerk of Court prior to the date set for
6  sentencing for direct application to restitution. If the defendant fails to timely make the
7  payment, defendant agreed to immediate forfeiture of the real property 4760 Rancho
8  Del Mar Trail, San Diego, CA (APN: 304-630-04-00), legally described as set forth
9  below:
10    a. 4760 Rancho Del Mar Trail, San Diego, CA (APN: 304-630-04-00):
11      PARCEL 1:
12      LOT 4 OF DEL MAR HIGHLANDS ESTATES, IN THE
13      CITY OF SAN DIEGO, COUNTY OF SAN DIEGO,
14      STATE OF CALIFORNIA, ACCORDING TO MAP
15      THEREOF NO. 13818, FILED IN THE OFFICE OF THE
16      COUNTY RECORDER OF SAN DIEGO COUNTY, JULY
17      2, 1999.
18      AMENDED BY CERTIFICATE OF CORRECTION
19      RECORDED DECEMBER 23, 1999 AS FILE NO. 1999-
20      0830872 AND AMENDED BY CERTIFICATE OF
21      CORRECTION RECORDED NOVEMBER 21, 2008 AS
22      INSTRUMENT NO. 08-603976 OF OFFICIAL
23      RECORDS.
24      EXCEPTING THEREFROM, UNTIL DECEMBER 31,
25      2004, AS A MINERAL INTEREST AND NOT AS A
26      ROYALTY INTEREST, ALL OF THE MINERALS OF
27      EVERY KIND, INCLUDING, BUT NOT LIMITED TO,
28      ALL OIL, GAS, HYDROCARBONS AND ASSOCIATED

SUBSTANCES IN, UNDER OR THAT MAY BE EXTRACTED, PRODUCED AND SAVED FROM SAID REAL PROPERTY BUT WITHOUT THE RIGHT OF ENTRY TO THE SURFACE OF SAID REAL PROPERTY OR THE TOP 500 FEET OF THE SUBSURFACE OF SAID REAL PROPERTY FOR THE PURPOSES OF EXPLORING FOR, DEVELOPING AND REMOVING SUCH MATERIALS.

PARCEL 2:

A NON-EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS OVER THE PRIVATE DRIVES, STREET AND COMMON AREA OF THE ABOVE-REFERENCED TRACT MAP, AS PROVIDED FOR IN AND SUBJECT TO THAT CERTAIN AMENDED AND RELATED DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND GRANT OF EASEMENTS FOR RANCHO PACIFICA HOMEOWNERS ASSOCIATION RECORDED FEBRUARY 11, 2000 AS INSTRUMENT NO. 00-73953 OF OFFICIAL RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, CALIFORNIA; and

WHEREAS, the United States and Defendant further agreed that the net proceeds from the following seized specific properties, which are currently in the possession of the United States Marshals Service, shall be turned over to the Clerk, United States District Court, for application to the restitution imposed in this case:

b. Approximately $1,386,644.91 in funds from consolidated bank account ending in '5018, which includes accounts ending in '1800, '1801, '1802,

'1803, and '1804, in the name of The Pacific Trust at Wells Fargo Bank, San Diego, California;

c. Approximately $10,667.64 from Wells Fargo account ending in '8452 held in the name of The Pacific Trust at Wells Fargo Bank, San Diego, CA; and

WHEREAS, provided Defendant does not breach the plea agreement, and makes the timely prepayment of $6,616,119.17 toward restitution (or forfeits the real property described above), and provided that the net proceeds from the accounts listed above as (b. and c.) are transferred by the United States Marshals Service to the Clerk, United States District Court, then after such transfer, Defendant's personal forfeiture money judgment amount of $16,084,946 shall be credited by the net amounts of seized specific properties deposited with the Clerk United States District Court and the amount prepaid by the Defendant towards restitution. Defendant's personal forfeiture money judgment amount of $16,084,946 shall also be credited by any amount of restitution actually paid voluntarily and timely by Defendant himself in this case.

WHEREAS, on, October 20, 2023, this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the admissions of Defendant set out in the plea agreement, the financial addendum, and guilty plea, the Court hereby determines that the real property and the $16,084,946 forfeiture money judgment represent proceeds traceable to the offense set forth in Count 8 and also represent property involved in the offense set forth in Count 8; and

WHEREAS, by virtue of said guilty plea and the Court's finding, the United States is now entitled to an Order of Forfeiture in its favor against the Defendant in the amount of $16,084,946, and forfeiture of the real property, pursuant to Title 18, United States Code, Section 982(a)(1) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, the Defendant has agreed to pay directly to the United States the $16,084,946 in U.S. dollars and further agrees that the provisions for the substitution

of assets as provided in 21 U.S.C. § 853(p) exist and that the United States may take actions to collect the forfeiture; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which are hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Based upon the guilty plea of the Defendant to Count 8 of the Indictment, Defendant ALI AKBAR SHOKOUHI shall forfeit to the United States the sum of $16,084,946 in the form of a personal forfeiture money judgment against him pursuant to Title 18, United States Code, 982(a)(1), representing the proceeds he received from his involvement in the offense set forth in Count 8 and the amount of property he involved in Count 8. The forfeiture money judgment is in favor of the United States against Defendant ALI AKBAR SHOKOUHI in the amount of $16,084,946, with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961, from the date of sentencing.

2. Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced.

3. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $16,084,946 to satisfy the forfeiture money judgment in whole or in part.

4. The United States may take any and all actions available to it to collect and enforce the forfeiture money judgment.

5. Based upon the guilty plea of the Defendant, and the defendant's failure to pay $6,616,119.17 to the Clerk of Court prior to the date set for sentencing for direct

application to restitution, the United States is hereby authorized to take custody and control of the following real property, and all right, title, and interest of Defendant ALI AKBAR SHOKOUHI in the real property is hereby forfeited to the United States pursuant to Title 18, United States Code, Section 982(a)(1) for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n):

    a. 4760 Rancho Del Mar Trail, San Diego, CA (APN: 304-630-04-00), legally described as follows:

        PARCEL 1:

        LOT 4 OF DEL MAR HIGHLANDS ESTATES, IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 13818, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, JULY 2, 1999.

        AMENDED BY CERTIFICATE OF CORRECTION RECORDED DECEMBER 23, 1999 AS FILE NO. 1999-0830872 AND AMENDED BY CERTIFICATE OF CORRECTION RECORDED NOVEMBER 21, 2008 AS INSTRUMENT NO. 08-603976 OF OFFICIAL RECORDS.

        EXCEPTING THEREFROM, UNTIL DECEMBER 31, 2004, AS A MINERAL INTEREST AND NOT AS A ROYALTY INTEREST, ALL OF THE MINERALS OF EVERY KIND, INCLUDING, BUT NOT LIMITED TO, ALL OIL, GAS, HYDROCARBONS AND ASSOCIATED SUBSTANCES IN, UNDER OR THAT MAY BE EXTRACTED, PRODUCED AND SAVED FROM SAID

|   |   |
|---|---|
| 1 | REAL PROPERTY BUT WITHOUT THE RIGHT OF |
| 2 | ENTRY TO THE SURFACE OF SAID REAL PROPERTY |
| 3 | OR THE TOP 500 FEET OF THE SUBSURFACE OF |
| 4 | SAID REAL PROPERTY FOR THE PURPOSES OF |
| 5 | EXPLORING FOR, DEVELOPING AND REMOVING |
| 6 | SUCH MATERIALS. |
| 7 | PARCEL 2: |
| 8 | A NON-EXCLUSIVE EASEMENT FOR INGRESS AND |
| 9 | EGRESS OVER THE PRIVATE DRIVES, STREET AND |
| 10 | COMMON AREA OF THE ABOVE-REFERENCED |
| 11 | TRACT MAP, AS PROVIDED FOR IN AND SUBJECT |
| 12 | TO THAT CERTAIN AMENDED AND RELATED |
| 13 | DECLARATION OF COVENANTS, CONDITIONS AND |
| 14 | RESTRICTIONS AND GRANT OF EASEMENTS FOR |
| 15 | RANCHO PACIFICA HOMEOWNERS ASSOCIATION |
| 16 | RECORDED FEBRUARY 11, 2000 AS INSTRUMENT |
| 17 | NO. 00-73953 OF OFFICIAL RECORDS, IN THE OFFICE |
| 18 | OF THE COUNTY RECORDER OF SAN DIEGO |
| 19 | COUNTY, CALIFORNIA. |

6. Based upon the agreement of the United States and Defendant, as reflected in greater detail in the plea agreement, the United States Marshals Service shall transfer the net proceeds from the following seized specific properties listed below as (b. through c.) to the Clerk, United States District Court for application to the restitution imposed in this case:

b. Approximately $1,386,644.91 in funds from consolidated bank account ending in '5018, which includes accounts ending in '1800, '1801, '1802, '1803, and '1804, in the name of The Pacific Trust at Wells Fargo Bank, San Diego, California; and

      c.   Approximately $10,667.64 from Wells Fargo account ending in '8452 held in the name of The Pacific Trust at Wells Fargo Bank, San Diego, CA.

7. Defendant's personal forfeiture money judgment in the amount of $16,084,946 shall be credited by the net amounts of seized specific properties listed above as (b. through c.) if defendant does not breach the plea agreement, and provided that the net proceeds from the accounts listed above as (b. and c.) are transferred by the United States Marshals Service to the Clerk, United States District Court. Defendant's forfeiture money judgment amount of $16,084,946 shall also be credited by any amount of restitution actually paid voluntarily and timely by Defendant himself in this case (including through the forfeiture of his real property, as described above). The restitution and forfeiture money judgments will both be credited for this net amount after it is transferred by the United States Marshals Service and received by the Clerk of Court, which shall promptly disburse the payment to the victim of offense.

8. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the forfeiture money judgment.

9. The aforementioned forfeited asset is to be held by the Federal Bureau of Investigation and/or the United States Marshals Service in its secure custody and control.

10. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

11. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the specific properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited specific properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

12. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the specific properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited specific properties and any additional facts supporting the petitioner's claim and the relief sought.

13. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the specific properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

14. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21, United States Code, Section 853(n) as to the aforementioned assets, in which all interests will be addressed.

15. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

**IT IS SO ORDERED.**

DATED: January 7, 2026

_____
Hon. Cynthia Bashant, Chief Judge
United States District Court