UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 22CR1152-BAS |
|---|---|
| Plaintiff, | |
| v. | ORDER OF RESTITUTION |
| ALI AKBAR SHOKOUHI (4), | |
| Defendant. | |

IT IS HEREBY ORDERED:

1. Pursuant to 18 U.S.C. § 3663A(a)(1) and (a)(3), Defendant ALI AKBAR SHOKOUHI (hereinafter "Defendant") shall pay restitution in the amount of **$16,084,946.00** as a result of Defendant's conviction for engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957. Restitution shall be paid to the victim, Qualcomm Technologies, Inc. (hereinafter "Qualcomm"). Restitution shall be joint and several with co-defendants and co-conspirators ordered to pay restitution for the same losses. The presently known co-defendants and co-conspirators with such losses are Karim Arabi, Sheida Alan (aka Sheida Arabi), and Bradley Quinton. Restitution shall <u>not</u> be joint and several with co-defendant Sanjiv Taneja, who was ordered to pay restitution for distinct losses separate from those contemplated by this Order.

2. The U.S. Marshals Service (USMS) is hereby ordered to transfer the balance of (b) consolidated bank account ending in '5018, which includes accounts ending in '1800, '1801, '1802, '1803, and '1804, held in the name of The Pacific Trust at Wells Fargo Bank, San Diego, CA; and (c) Wells Fargo account ending in '8452 held in the name of The Pacific Trust at Wells Fargo Bank, San Diego, CA, as enumerated in the Preliminary Order of Forfeiture at ECF 507, to the U.S. Clerk of Court, for application to the restitution ordered against Defendant in this case. Restitution shall be credited upon receipt of the assets, and in the net amount of assets turned over to the Clerk of Court by the USMS.

3. Defendant shall otherwise make a bona fide effort to pay restitution in full as soon as practicable, and has already forfeited the real property 4760 Rancho Del Mar Trail, San Diego, CA (APN: 304-630-04-00) to help satisfy his restitution obligation.

4. After considering the factors set forth in 18 U.S.C. § 3664(f)(2), the Court finds that the Defendant has the ability to pay the restitution as set forth in the following payment schedule:

    a. During any period of incarceration, Defendant shall pay restitution through the Inmate Financial Responsibility Program at the rate of 50% of Defendant's income, or $25.00 per quarter, whichever is greater.

    b. Upon release from custody, Defendant shall pay restitution at the rate of at least **$1,000** per month, subject to modification upon further agreement of the parties or order of the Court.

5. This payment schedule does not foreclose the United States from exercising all legal actions, remedies, and process available to collect the restitution judgment, including but not limited to remedies pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A).

6. Defendant shall forward all restitution payments, by bank or cashier's check or money order payable to the "Clerk, U.S. District Court," to:

    Clerk of the Court  
    United States District Court  
    Southern District of California  
    333 West Broadway, Suite 420  
    San Diego, CA 92101

7. The Court has determined that Defendant does not have the ability to pay interest. The interest requirement is waived pursuant to 18 U.S.C. § 3612(f)(3)(A).

8. Until restitution has been paid, Defendant shall notify the Clerk of the Court and the United States Attorney's Office of any material change in Defendant's economic circumstances that might affect Defendant's ability to pay restitution no later than thirty days after the change occurs. *See* 18 U.S.C. § 3664(k).

9. Until restitution has been paid, Defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in mailing or residence address, no later than thirty days after the change occurs. *See* 18 U.S.C. § 3612(b)(1)(F).

IT IS SO ORDERED.

DATED: February 4, 2026

Hon. Cynthia Bashant, Chief Judge
United States District Court